*GEORGE MEYER, Frederick C. Meyer, and Others,   **28**
 *v.* JOHN EISLER, Trustee, John Rose, and Others.

### Decided May 28th, 1868.

WILLS ; CONSTRUCTION ; VESTING OF LEGACIES.   HUSBAND'S INTEREST IN PROPERTY OF WIFE, DYING INTESTATE AND WITHOUT ISSUE.

A testator, devised the residue of his estate, real and personal, to his wife and to B, to hold the same in trust, and from the rents, and profits, etc., to pay taxes, assessments, etc., and out of the residue to pay his wife one-third,—the balance to be invested in stock of the City of Baltimore, from year to year, and held in trust with the other property until the end of twenty years from his death, or until his youngest child by his then wife should arrive at the age of twenty years, whichever should first happen; and then the whole including principal and interest, to be divided as follows: One-third to his wife, and the other two-thirds to all '

his children, share and share alike, as well the children by his first wife, as the child or children by his then wife; and in the event of the death of either of his said children, leaving lawful issue, such issue to receive the share, that the deceased would have been entitled to if living; and if his wife should be dead at the time of such division, then the whole of the trust property to be divided among all the children and lawful issue as aforesaid. *Held:*

That the children of the testator took a vested interest in the property devised to them; and the surviving husband of one of the daughters—she dying intestate and without issue—is entitled under Art. 45, sec. 2, of the Code of Pub. Gen. Laws, to a life estate in her share of the realty, and absolutely to her share of the personalty. (*a*)   pp. 32-34

Appeal from the Circuit Court of Baltimore City :

The bill in this case was filed by the appellants on the 7th of December, 1864, to procure a division of the estate of Godfrey Meyer, deceased, according to the terms of his will, and a construction of the same, in so far as it affected the claim of the appellee, John Rose, the surviving husband of the testator's daughter Elizabeth. The testator, by his last will and testament, dated the 16th of June, 1846, after making certain bequests and legacies, gave all the rest, residue and *remainder of his estate, real and personal to his wife, Ann Meyer, and John Eisler, in trust, to hold the same and every part and parcel thereof, with the surplus or unappropriated revenue or income arising from the same, as follows: "To hold the same in trust, and from time to time to receive all the rents, issues, interest and profits arising or growing out of the same, and from and out of the amounts so received, to pay and satisfy the premium of insurance against fire, all taxes and assessments, and all necessary repairs, and out of the residue or remainder, to pay my wife, Ann Meyer, for her use and benefit one-third part thereof," etc., etc.; and the balance of said income, (if any,) that may then remain, he directed, "should be invested in six per cent. stock of the City of Baltimore, and so continued from

---

(*a*)  As to the vesting of legacies, see *O'Byrne v. O'Byrne,* 9 Md. 512, note (*a*).  As to the provision of the Code against the lapsing of devises because of the death of the devisee in the lifetime of the testator, see the Code of Pub. Gen. Laws, Art. 93, sec. 313; see also *Garrison v. Hill,* 81 Md. 211; *Hays v. Wright,* 43 Md. 122; *Husley v. Convention, etc.,* 75 Md. 283.  But as to the husband's interest in the lands of his wife, see the Act of 1898, ch. 457.

year to year, and held in trust as aforesaid with the before mentioned property, until the end of twenty years from and after his death or until his youngest child, by his said wife, Ann Meyer, should arrive at the age of twenty years, whichever should first happen or occur ; and then the whole, whatever it might be, including principal and interest, he desired should be divided and paid over as follows, and so end the trust, that is to say : To my wife, Ann Meyer, *if living*, one full third part thereof for her own especial use and benefit ; and the other two-third parts to all my children, share and share alike, as well the children by my first wife as the child or children by my present wife, Ann Meyer ; and in the event of the death of either of my said children, leaving lawful issue, such issue to have and receive the share or proportion that the deceased would have been entitled to if living ; and if my said wife shall be dead at the time of such division, then the whole of said trust property shall be divided among all the children and lawful issue as aforesaid."

The testator died in the month of July, 1848, leaving his second wife and one child by his second marriage, and seven children by his first marriage, surviving him. Elizabeth, one of the children of his first marriage, after his death married *John Rose, the appellee, and, subsequently, died before **30** the time had arrived for a division of the estate, intestate and without issue. The testator's widow, Ann Meyer, also died before the time for such division had arrived.

On the 9th of January, 1865, a decretal order for a sale was passed by consent, "reserving to all parties to the suit all the rights and claims as against the fund which they had as against the property and estate of Godfrey Meyer, deceased, under his will according to the true construction and meaning thereof." The property was accordingly sold, and the sales were reported to the court and ratified, and an account was stated and reported by the auditor in which he assigned *pro forma* merely, $5,463.54⅝, the one-eighth of the net balance in the hands of the trustee, to John Rose, in right of his deceased wife. Exceptions were taken by the complainants to this allowance, but the court (Alexander, J.,) on the 30th of September, 1865, overruled them, and decided that the said John Rose, in right of his wife, was entitled to a life estate in his wife's share of the realty,

and absolutely to her share of the personalty ; and ordered the case to be referred to the auditor, with directions to state an account distributing the said sum of $5,463.54⅝, accordingly.

From this order the present appeal is taken.

The cause was argued before Bartol, C. J., Brent, Miller and Alvey, JJ.

*Wm. Parkin Scott,* for the appellants :·

In this case the intention of the testator is clear, not to vest the estate in his descendants, or give them " dominion " over it, before the time fixed by himself for distribution ; the reason was, to preserve equality between the *two* sets of children. Code of Pub. Gen. Laws, Art. 47, sec. 20, and Art. 93, secs. 128, 130. The word " issue," in the will, means " children of his children," and is a word of purchase, not of limitation. *Tongue v. Nutwell,* 13 Md. 423; *McPherson v. Snowden,* 19 Md. 228, 229.

**31**      *The general rule to construe an obscure residuary clause in a will, as vesting the estate, from the time of the death of the testator, does not apply to this case, because the devise is to trustees, and the trust is for the survivors of a numerous class, who would be heirs apparent and distributees of each other if this peculiar devise did not prevent it; and also because in this case it was hardly possible that there could be an intestacy. 1 Jarman on Wills, 768; *Watson v. Hayes,* 9 Simons, 501; *Newman v. Newman,* 10 Simons, 51.

In *Aldridge v. Boswell,* 2 Gill, 39, the devise was to the children living when the will was made ; in this case, to the children who might be living when the distribution was to be made. The testator guards against the " vesting " of the estate until the time he fixes for " distribution." He did not design that his estate should pass from his own blood, and whilst he provided for his grand-children, he guarded against such a " vesting " before the time of " distribution " as might, and in this case would, take his estate from his own children and give it to a stranger. If no time were fixed for the " vesting," it would generally vest at the death of the testator. *Hervey v. McLaughlin,* 1 Price, 264. But in this case a time was fixed.

*R. B. Taney Campbell* and *Daniel M. Thomas,* for John Rose :

Conceding that the deceased wife of John Rose had a vested right to an eighth part of the testator's residuary estate, the correctness of the order appealed from, cannot be questioned, as she is admitted to have died on the 28th of September, 1861, and therefore the marital rights of her surviving husband are to be determined by the Code of Pub. Gen. Laws, Art. 45, sec. 2, which provides that " if she die intestate leaving no children, her husband shall have a life estate in her real property, and her personal property shall vest in him absolutely."

The interest of Mrs. Rose under her father's will was a vested interest in her from the date of his death, although her *enjoyment of it in possession was not to commence until **32** the period designated in the will for the division of the estate had arrived. *Doe v. Prigg,* 8 B. & C. 231 ; *Roebuck v. Dean,* 2 Ves. Jr. 265; *Perry v. Woods,* 3 Ves. 204; *Maberly v. Strode,* 3 Ves. 450; *Brown v. Bigg,* 7 Ves. 280; *Spence v. Robbins,* 6 G. & J. 507; 2 Lomax on Ex'rs, 119-128; *Edwards v. Symonds,* 6 Taunt. 213; *Lark v. Linstead,* 2 Md. 420; *Richardson v. Power,* 115 Eng. Com. Law, 780; *O'Byrne v. O'Byrne,* 9 Md. 512.

Bartol, C. J., delivered the opinion of the court :

The decision of this appeal turns upon the true construction of the residuary clause of Godfrey Meyer's will. The testator died in July, 1848; Elizabeth, one of his children, married John Rose, the appellee, and died in September, 1861, before Clorinda, the youngest child by the second marriage attained the age of twenty years, which did not happen till December, 1863. The whole contest in the case, is as to the rights of John Rose as surviving husband of Elizabeth ; and presents the question whether under the residuary clause of the will, the children took a vested interest in the property devised to them ; or whether their interests were contingent and to become vested only at the expiration of twenty years after the testator's death, or upon his youngest child arriving at the age of twenty years whichever should first occur.

In *Snively v. Beavans,* 1 Md. 208, an estate was devised to G. M. Watkins, the brother of the testator, in the event of the testator's two sons dying before they arrived at twenty-one

years of age, he paying to testator's wife $1,000. It was held
that the legacy to the wife was a vested interest, and though
she died before the contingency happened upon which the
devise to G. M. Watkins was to take effect, her personal repre-
sentatives were entitled. The court said, (page *222*,) " the law
is said to favor the vesting of legacies, and hence to defeat a
**33** bequest of this kind, it must appear from *the nature and
circumstances of the case, that the time of payment was made
the substance of the gift, and that the testator meant that time
as the period when the legacy should vest." In *Waters v. Wa-
ters*, 24 Md. 444, 455, this court recognized and applied the rule
of construction which favors the vesting of estates, citing
with approbation the language of Mr. Jarman, as correctly
stating the law on the subject. That learned author vol. 1, *727*,
states the general rule to be " that where a testator creates a
particular estate, and then goes on to dispose of the ulterior
interest, expressly in an event which will determine the prior
estate, the words descriptive of such event, occurring in the lat-
ter devise, will be construed as referring merely to the period of
the determination of the possession or enjoyment under the
prior gift, and not as designed to postpone the vesting."

The case before us comes under this general rule. Many
authorities might be cited in support of this ancient and well
established rule of construction. In *Boraston's Case*, 3 Coke,
19, " a testator devised land to A. and B. for eight years, and
after the said term, the land to remain to his executors for the
performance of his will, till such time as H should accomplish
his age of twenty-one, then to him, his heirs and assigns for-
ever." H. died under twenty-one, it was held that the re-
mainder to H. was vested and not contingent upon his arriving
at the age of twenty-one. This decision has since been in-
variably followed, and settles the construction of the will before
us. We refer also to *Doe v. Ewart*, 7 Ad. & E. 636; *Doe v.
Prigg*, 8 B. & Cres. 231; *Edwards v. Symonds*, 6 Taunt. 213.
The rule is, if the legatee be capable of taking, " no mere post-
ponement of the time of payment, will prevent his having a
vested and transmissible interest."

Here there is nothing on the face of the will to indicate the
intention of the testator to postpone the vesting of the estate till

the happening of the event named; that is not of *the sub- **34**
stance of the gift, but points merely to the period of possession
or enjoyment.   Mrs. Rose having at the time of her death a
vested estate in the share devised to her by the will, the rights
of her husband, John Rose, the appellee, are determined by the
Code, Art. 45, sec. 2, which provides that he " shall have a life
estate in her real property, and her personal property shall vest
in him absolutely."

A decree will be passed affirming the order of the Circuit
Court and remanding the cause for further proceedings.

*Order affirmed and cause remanded.*