John H. O. Kemp, et al. *vs.* Augustus W. Brad-
ford, et al., Executors of Augustus W. Brad-
ford.

*Construction of a Deed creating an estate for Life with Limi-
tations over—Defeasible or Determinable estate.*

L. R. made an assignment of leasehold property to trustees for the bene-
fit of his wife M. R., for life, and from and immediately after her
death then in trust for their then children, (naming them,) " and
of all other the children to be born of the said M. R. by the said
L. R., òr the survivors of them living at the time of the decease of
the said M., and the issue of any deceased child of the said M. by
the said L. R., if such issue there be, and the child or descendants
of any such deceased child to take the part share or portion which
its or their parent would, if living, be entitled to, *to be then con-
veyed, assigned and delivered* over to *the said children and descendants,*
in manner aforesaid, to be thenceforth held by them, and their
legal representatives as tenants in common." G. W. R., one of the
children named in the deed, died leaving one child M. A. who
afterwards married L. G. K. L. G. K. with M. A. his wife, con-
veyed their interest in said property to B., by a conveyance which
was executed in the life-time of M. R. the tenant for life, who
survived both her son G. W. R. and her granddaughter M. A. K.
On a bill filed by the children of M. A. K. asserting a claim to an
undivided interest in said property, it was Held :

1st. That the interest which G. W. R. took under the deed of trust
was a vested interest, and one which he or his only child M. A. K.
had the right to sell and convey.

2nd. That although the interest he took was a vested interest, it was.
not a vested interest in an absolute or fee simple estate. But it
was an interest in a defeasible, or, as the older authorities term it,.
a determinable estate.

3rd. That this estate was defeasible or *determinable only* by the death
of G. W. R. *without issue or descendants, before the death of M. R. the
life tenant.*

4th. But as the descendants of G. W. R. survived the life tenant, the interest by that event became fixed and indefeasible.

5th. That the conveyance made by M. A. K. to B. conveyed all her interest, and was an effectual bar to the complainants' recovery.

APPEAL from the Circuit Court of Baltimore City.

This is an appeal from an order dismissing the bill of the complainants. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, and IRVING, J.

*Albert Ritchie,* for the appellants.

*Daniel L. Brinton,* and *John V. L. Findlay,* for the appellees.

STONE, J., delivered the opinion of the Court.

This suit in equity was brought by the appellants to recover an undivided interest in certain leasehold property in the City of Baltimore. Whether they are entitled to recover depends upon the true construction of a deed, executed by a certain Lott Ridgely, in the year 1820. That deed conveyed the property in dispute to trustees, for the benefit of his wife, Mary, for her life, and then goes on to say:

"And from and immediately after the death of the said Mary Ridgely, then in trust, as to the whole of the grounds and premises aforesaid, with the appurtenances for the proper use and behoof of Greenbury William Ridgely, Mary Ann Ridgely, James Lott Ridgely, William Ridgely, Charles Ridgely, Sarah Jane Ridgely, Eliza Ridgely, and David Ridgely, the present children of the said Lott and Mary Ridgely, and of all other, the children to be born of the said Mary Ridgely, by the said Lott Ridgely, or the

survivors of them living at the time of the decease of the said Mary, and the issue of any deceased child of the said Mary, by the said Lott Ridgely, if such issue there be, and the child or descendants of any such deceased child, to take the part, share or portion which its or their parent would, if living, be entitled to, *to be then conveyed, assigned, and delivered over to the said children and descendants,* in manner aforesaid, to be thenceforth held by them and their legal representatives as tenants in common," &c.

The Greenbury William Ridgely mentioned in the foregoing deed, died, leaving one child, Mary Ann, who afterwards married Lewis G. Kemp. Lewis G. Kemp and Mary Ann, his wife, conveyed their interest in this property to Bradford, administrator of Kell, by a conveyance which was executed in the life-time of Mary Ridgely, the tenant for life, who survived both her son, Greenbury W. Ridgely, and her granddaughter, Mary Ann Kemp. The complainants are the children of Mary Ann Kemp, and they insist that their mother, at the time she executed the deed to Bradford, had no vested interest in said property, as the life tenant was then living, and that the interest vested in the complainants, at the death of the life tenant and not before.

If the deed before us contained no other expressions after the terms: "Survivors of them living at the time of the decease of the said Mary," this case would come within the decisions of *Turner, et al. vs. Withers, et al.,* 23 *Md.,* 18, and *Gable, et al. vs. Ellender, et al.,* 53 *Md.,* 311, and the claim of the complainants would be well founded. But this deed does contain other expressions, so connected with and explanatory of the term survivors as take it out of the operation of the principle, decided in those cases, which was simply this: that where in wills the remainder is limited to "surviving children" the descendants of deceased children are not included.

While less latitude is allowable in the construction of deeds than of wills, still the controlling object in both is to get at the intention of the party executing the instrument, and to carry it into effect whenever it can be done without violating some established rule.

The law has attributed a meaning to certain phrases and expressions, when they stand alone, and unqualified by other words, which it would be unwise now to depart from. But cases are constantly occurring where such expressions are coupled with others that essentially change the meaning they would otherwise have. Such is the case, we think, in the deed before us.

In the deed we are called upon to construe, the term *survivors* includes both *the children of the grantor and their issue*, and is not confined to children alone. Those only are excluded who might happen to die before Mary, the life tenant, without issue. All the children of the grantor, as well as all the children of any deceased child, stand upon the same footing. The words in this deed, subsequent to the word "survivors" clearly indicate that the grantor designed the descendants of his children to be included in that expression. He says, "The descendants of any such deceased child to take the part, share, or portion which its or their parent would, if living, be entitled to, *to be then conveyed*, assigned, and delivered over to the said *children and descendants* in manner aforesaid."

The expression, *then conveyed*, clearly refers to the death of Mary, the life tenant, and means, that at that time, the descendant of the dead child, as well as the living child, should each receive its portion, and negatives the idea that "survivors" mean children only. Whatever is true of the whole, must be true of a part, and what applies to the children of Lott Ridgely collectively must apply to each one separately.

Taking any one of his children, as for example the ancestor of the complainants, Greenbury William Ridgely,

and reading the deed as if it applied to him alone, it would be in substance this: That after the death of his wife, he gave the property to his son Greenbury William Ridgely, and his issue, if either he, or any issue or descendant of his, should be living at the death of Mary, the tenant for life; or perhaps to make it plainer still, if we read the exact words of this deed, but in a little different order from which the grantor placed them, but which in no wise changes their meaning, we will have it thus:

"To the present children of the said Lott and Mary Ridgely, and of all other, the children to be born of the said Mary Ridgely, by the said Lott Ridgely, and the issue of any deceased child of the said Mary, by the said Lott Ridgely, if such issue there be, or the survivors of them living at the time of the decease of said Mary."

This we think is the true meaning and intent of the grantor, in the execution of this deed.

The next and most vital question is, what estate did Greenbury William Ridgely take, under this deed? Was it vested or contingent? The property in question is leasehold, and while, technically speaking, it is personal, yet many of the rules laid down as applicable to landed estates are applicable to such property. By the express terms of the deed, the grantor disposed of his interest in the whole term, part to the tenant for life, and the whole residue to those who will take in remainder. If the ancestor of complainants took a vested estate at the date of the execution of the deed, it was an interest that was transferable, and went upon his death intestate to his representatives. It does not need authority to show that a grant to one for life, with remainder to another, creates a *vested* remainder in that other. But it is supposed that in a case like the present, because the person in remainder might die before the life tenant (as in this case G. W. Ridgely and his daughter Mrs. Kemp did in fact die before Mary, the life tenant) the remainder was contingent

under the terms of the deed. Mr. *Preston*, in his work on *Estates*, vol. 1, p. 70, gives the following definition of a vested remainder :

" When a remainder is limited to a person *in esse and ascertained* to take effect by words of express limitation on the determination of the preceding particular estate, the remainder is most clearly and unquestionably vested."

And further on, at page 79, the same author goes on to say, " When it is certain that the remainder *may* take effect in possession, on the determination of the preceding estates of freehold, at whatever time, and however early, and by whatever means these estates may determine, the remainder must be considered as *vested ;* and it is contingent when this certainty does not exist."

Had Mary, the life tenant died immediately after the execution of this deed, it is *certain* that the remainder would have taken effect in the possession of Greenbury W. Ridgely, and the case comes within the rule so laid down by Mr. *Preston*.

The case of *Blanchard vs. Blanchard, et al.*, 1 *Allen*, 223, approved in the case of *Doe, Lessee of Poor vs. Considine*, 6 *Wallace*, 458, well illustrates this rule, and conclusively shows that estates, held as this was, are vested and not contingent.

The case in 1 *Allen* was this : A testator devised as follows :

" All the property both real and personal that may be left at the death of my wife, to be divided equally between the last five named children. And provided furthermore that if any of the last five named children die before my wife, then the property to be divided between the survivors, except they should have issue, in that case to go to said issue, provided said issue be legitimate."

One of the children conveyed all his interest by deed, while the tenant for life was living, and it was held that

the child had a *vested interest* and the deed was valid and conveyed his share of the property.

The interest which Greenbury William Ridgely took under the deed of 1820, was upon the foregoing authorities clearly a vested interest, and one which he or his only child Mrs. Kemp, had the right to sell and convey.

Although the interest he took was a vested interest, it was not a vested interest in an absolute or fee simple estate. But it was an interest in a defeasible, or, as the older authorities term it, a determinable estate.

This estate was defeasible or *determinable only* by the death of Greenbury *without issue, or descendants, before the death of Mary the life tenant.* But as the descendants of Greenbury survived the life tenant, the interest by that event became fixed and indefeasible. It follows that the conveyance made by Mrs. Kemp in 1848, to Bradford, administrator, conveyed all her interest, and is an effectual bar to the complainants' recovery.

*Decree affirmed, with costs.*

