GEORGE BENSON AND OTHERS
vs.
JOEL WRIGHT AND JOHN MARFIELD.

} December Term, 1848.

[CONSTRUCTION OF WILL—PER CAPITA DISTRIBUTION—PRACTICE.]

A TESTATRIX devised a portion of the residue of her estate to certain trustees in trust "for the use of the children of M. S., the children of W. B. and G. B., equally as tenants in common, 'their heirs and representatives forever." HELD—

That the children of M. S. and W. B., born *since* the death of the testatrix, are to be excluded from the benefit of this bequest, but all their children born prior to that period, and G. B. take *per capita*, and equally.

The answer of an infant by his guardian is not evidence against him, and the necessity of establishing the case as stated in the pleadings by proof is not obviated by making the infant a plaintiff.

[In this case, the construction of the following clause of the. will of Hannah Benson, executed on the 5th of July, 1845, was submitted to the Chancellor. The testatrix had devised all the residue of her estate to the defendants, in trust, as to one-half for the benefit of certain parties, and the will then contains this clause. " And as to the other half of said estate and property in trust for the use of the children of Margaret Swornstedt, the daughter of my late husband, Peter Benson; the children of William Benson, the son of my said late husband, and George Benson, also a son of my said late husband, equally, as tenants in common, their heirs and representatives forever, provided however, that if the said George Benson should depart this life without leaving a child or the descendant of a child living, then for the use and benefit of the children of his sister, Maria Catharine Forney, their heirs and assigns forever."

George Benson, in his own right and as next friend of the infant children of Margaret Swornstedt and William Benson, some of whom were born since the death of the testatrix, filed the bill in this case against the trustees named in the will, asking the instruction of the court as to the distribution of the income of the trust estate, upon which the Chancellor delivered the following opinion.]

The Chancellor:

My opinion is, that according to the legal construction of the will of the testatrix, Hannah Benson, upon which the direction of the court is asked in this case, the child or children of Margaret Swornstedt and William Benson, born *since* the death of the testatrix, are to be excluded from the benefit of the bequest, but that all the children of these parties born prior to that period are entitled to participate equally therein with George Benson. That the children of the persons named, born before the death of the testatrix, and George Benson, take *per capita* and equally.

That the after born children are to be excluded from the distribution, and that the children living at the death of the testatrix are entitled to the fund bequeathed, seems to be settled by the cases referred to in 1 *Roper on Legacies*, 48, 49; and that the legatees take *per capita* is shown by the principles laid down in the same book, 126, 127, and *Maddox* vs. *State, use of Swann et al*, 4 *H. & J.*, 539.

In this case, however, infants are concerned, and as the statements in the pleadings are not evidence against them, a final order directing the distribution cannot be passed until the number, names and ages of the children of Margaret Swornstedt and William Benson shall be shown by evidence, that the court may see which of them were born subsequently to the death of the testatrix, and which prior thereto. The period of the death of the testatrix must also be shown. The answer of an infant by his guardian is not evidence against him, and I have, upon several occasions, decided that the necessity of establishing the case, as stated in the pleadings, by proof, is not obviated by making the infant a plaintiff. *Kent's adm'rs* vs. *Taneyhill et al*, 6 *G. & J.*, 1.

Wm. J. Ward, for Complainant.