LEONORA AKERS DAWSON, Trustee, &c.,

*vs.*

LOUISE LEONORA AKERS et al.

*Wills: Construction; intention; " children;" devises to a class; trusts, termination of—.*

What a testator meant to say must be gathered from what he did say in his will, as viewed from the standpoint he then occupied; and what the testator says in his will, considered in the light of established legal principles, must govern the interpretation of the will.                                    pp. 588-589

By his will, a testator bequeathed property in trust "for the use and benefit of all the children of" her brother H.; the duration of the trust was declared to be for the time "when there shall be no child of my said brother living and under 21 years of age," at which time it was declared the trust should cease, and distribution be made, in accordance with the terms of the will:

*Held,* that this constituted a gift to a class of persons, and that the mere use of the word "all" preceding the word "children" did not change the legal effect of the rule applicable to such gifts.                                    p. 589

In general, in cases of a devise to a class, the members of the class are to be ascertained upon the death of the testator, since a will usually speaks from that day.                                    p. 589.

But where the distribution is, by the terms of the will, deferred to some time after the testator's death, the gift will embrace, not only all the children or members of the class living at the death of the testator, but all those who may subsequently come into existence, and are living at the time designated for the distribution.                                    pp. 589-590

In this case it was: *Held,* that the trust had ended and that a distribution of the property should be made by. the trustee to the beneficiaries free and discharged of the trust.          p. 592

*Decided January 14th, 1916.*

Appeal from the Circuit Court of Baltimore City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*John Philip Hill* and *Floyd J. Kintner,* for the appellant.

*John Henry Skeen,* for the appellees.

Burke, J., delivered the opinion of the Court.

Albert W. Akers died in Baltimore City in November, 1899, leaving a last will and testament dated November 12th, 1898, which was admitted to probate in the Orphans' Court of Baltimore City, and letters testamentary were granted by that Court to Charles E. Hill, the executor named in the will. The estate has been fully settled in the Orphans' Court. The testator created two trusts by his will, and the executor transferred and delivered to the trustee named in the will the property constituting the trust estate.

The trust created by the third clause of the will gives rise to the question presented by this appeal. That clause is here transcribed:

"I give, devise and bequeath to my sister, Leonora A. Akers, in trust for the use and benefit of all the children of my brother, Harry B. Akers, one undivided third part of all my property and estate, my said sister to collect, as trustee, the rents and income of that one-third part and after deducting therefrom the taxes and

expenses on or growing out of said one-third part; to use and apply the balance remaining for the support, maintenance and education of said children or child (if at any time there be only one) until the time arrives when there shall be no child of my said brother Harry's living and under twenty-one years of age, at which time the said trust created by this third Clause or my Will shall cease and the said one-third part of my property and estate shall vest in and belong absolutely to the child or children and the issue *per stirpes* of any deceased child of my said brother Harry's, the issue to stand in the place of the deceased child and receive that child's portion."

Harry B. Akers was married in 1888, and he and his wife, Margaret Eugenia Akers, are both living. At the time of the death of the testator Harry B. Akers had two children aged about four and nine years respectively. These children are still living, and each is over twenty-one years of age, and are, we understand, his only children. They filed the present bill on May the 4th, 1915, in the Circuit Court for Baltimore City in which they claimed, upon the facts stated, that the trust created by the third clause of the will had terminated, and that the said trust estate in the hands of the trustee should be distributed and conveyed to them absolutely in equal shares in accordance with the will. The prayers of the bill were:

"(1) That this Court should take jurisdiction in the premises.

"(2) That this Court should decree that the said trust has come to an end.

"(3) That this Court should require the said trustee to render a complete accounting of her administration of her trust, from the beginning thereof up to the date of her discharge, and as affecting all the property of said Albert W. Akers with which she is chargeable as trustee for your orators.

"(4) That this Court should decree a distribution and conveyance by said trustee to your orators in equal shares of the trust estate with which said trustee is chargeable, in accordance with the terms of .said will, free, clear and discharged from said trust."

The trustee in her answer to the bill admitted the facts therein stated, and expressed her willingness to render an account of the trust estate; and averred that she had omitted to file a bond and administer the trust under the jurisdiction of the Court solely from a motive of economy for the benefit of the *cestuis que trustent.* She submitted the matters of the trust to the jurisdiction of the Court, and stated her willingness to file such bond as the Court might require. The answer, however, asked that the bill be dismissed, in so far as it prayed the Court to decree that the trust had terminated and that a distribution of the fund of the trust estate should now be made. It alleged, "that she is advised that by a true construction of the will of Albert W. Akers, referred to in said complaint a copy of which is filed with said bill in this cause as plaintiffs' 'Exhibit A,' Harry B. Akers, the father of the plaintiffs being now alive, the trust created in said will for the use of all the children of said Harry B. Akers has not come to an end and the defendant can not by the terms of said will make a distribution to the plaintiffs during the lifetime of said Harry B. Akers, as in said bill prayed."

If the trust created by the third clause of the will of Albert B. Akers has terminated, it is conceded that the appellees are entitled to the property constituting the trust. But it is apparent from the allegations of the bill and answer that there are conflicting views as to the true interpretation of the will. Has the trust terminated? The answer to this question must be found in the language of the will. Just as the testator has written the will it must stand. What he meant to say must be gathered from what he did say therein, as viewed from the standpoint he then occupied, and what

he did say in the will considered in the light of established legal principles, must solve the question before us.

The gift is to Leonora A. Akers, in trust, "for the use and benefit of all the children of my brother, Harry B. Akers." The duration of the trust as fixed by the testator is the time "when there shall be no child of my said brother Harry's living and under twenty-one years of age," at which time he declared the trust should cease and the distribution of the property made in accordance with the terms of the will. It is therefore a gift to a class of persons, and the mere use of the word "all" preceding the word "children" does not change the legal effect of the rule applicable to gifts of this character; *In re Dellinger's Estate,* 170 Pa. State, 104; *Appeal Hunt et al.,* 19 Atlantic Reporter, 548.

It is said in 30 *American & English Encyclopedia of Law,* 718, that: "A class gift may be defined as a gift to a number of persons not named, who are included and comprehended under the same general description and who bear a certain relation to the testator * * *. As a general rule, in cases of a devise to a class, the members of the class are to be ascertained upon the death of the testator, since a will usually speaks from that day. This rule, however, is not unyielding, and where a contrary intention is indicated in the will, such intent is adopted and enforced." In *Thomas* v. *Thomas,* 149 Mo. 426, it is said: "Where a legacy is given to a class of individuals in general terms, as to the children or grandchildren of a person named, and no period is fixed for the distribution, the time for distribution will be the death of the testator; *Viner* v. *Francis,* 2 Cox Ch. Cases, 190; *Devisme* v. *Mello,* 1 Bro. Ch. Cases, 537; 2 *Jarman on Wills,* 6th Ed. 1010, and cases cited.

"Under this rule, children born or begotten prior to, and in esse at the time of, the death of the testator will be entitled to share in the distribution, but those living at the execution of the will who die before the testator are excluded.

"But, where the distribution is by the terms of the will deferred to sometime after the testator's death, the gift will

embrace, not only all the children or members of the class living at the death of the testator, but all those who shall subsequently come into existence and are living at the time designated for the distribution.

"If the bequest is a present bequest, the beneficiaries who are *in esse* at the death of the testator will take vested interests in the fund, but subject to open and let in after-born children who shall come into being and belong to the class at the time appointed for the distribution.

"And, where the distribution is postponed until the attainment of a given age by the children, the legacy will apply only to those who are living at the death of the testator and who shall come into existence before the first child attains the age named, this being the period when the fund is first distributable with respect to any member of the class.

"Where the members of a class take vested interests in a legacy distributable at a period subsequent to the death of the testator, but subject to open and let in after-born children, they take their vested interests in their shares subject to the distribution of those shares as the members of this class are increased by future births, and, on the death of any of the children previous to the period for distribution, their shares will go to their respective representatives; *Tucker* v. *Bishop,* 16 N. Y. 402." In an elaborate note to the case (*Thomas v. Thomas*), to be found in 73 *American State Reports,* page 413, in which many authorities are collected and discussed, it is said: "Where there is a gift to children as a class, and the share of each child is made payable on the attainment of a given age, the period of distribution is the time when the first child becomes entitled to receive his share. The gift will apply to those who are living at the death of the testator, and to those born before the first child attains the requisite age, and all children coming into existence after that period are excluded; *Whitbread* v. *Lord St. John,* 10 Ves. 152; *Clarke* v. *Clarke,* 8 Sim. 59; *Dawson* v. *Oliver-Massey,* 2 L. R. Ch. Div. 753; *Hubbard* v. *Lloyd,* 6 Cush. 522; 53 *Am. Dec.* 55; *Handberry* v. *Doolittle,* 38 Ill. 202; *Andrews*

v. *Partington,* 3 Brown Ch. 401. This rule fixing the period
of distribution at the time the first child becomes entitled to
the share is generally denominated a rule of convenience,
and springs from the desire of courts to include as many
persons as possible within the testator's bounty consistent
with convenience."

The testator in this case has mentioned the time at which
the trust shall terminate and has also fixed the period for
distribution as the time when there shall be no child of
Harry B. Akers "living and under twenty-one years of age."
That time has now arrived, and the appellees are entitled to
the trust property. This case, we think, falls within the
principle announced in *Shotts* v. *Poe,* 47 Md. 513, and in
the cases referred to above. In *Shotts case, supra,* a trust
was created for the use and benefit of the children of John
Lewis Shotts "until they arrive to the age of eighteen years,
* * * and when each child arrives at that age the said prop-
erty to go to my son John Lewis Shotts." In that case, as
in this, there were no children born between the death of
the testator and the period of distribution fixed by the will.
In construing these trust provisions the Court, speaking
through JUDGE ALVEY, said: "And as each child attains the
age of eighteen years, his or her part of the fund will cease
to be held in trust, and will fall into the general fund for
the benefit of the son, John Lewis Shotts, the general legatee.
The age of eighteen, being the limit of the trust, must be
taken to be the age upon which the fund was designed to go
absolutely to John Lewis Shotts, the son. The only other
question is, whether the term 'children,' used in the declara--
tion of trust, includes children of the son that may be born
after the death of the testator? And upon this question
there can be no doubt whatever. If there be any question
that may be regarded as incontrovertibly settled, in the con-
struction of wills or testamentary papers, it is that an imme-
diate gift to children, *simpliciter,* without additional de-
scription, means a gift to the children in existence at the
death of the testator; provided there be children then in ex-

istence to take. In 2 *Powell on Devises*, 302, the rule, as deduced from all the cases, is stated thus: 'That an immediate gift to children (*i. e.*, immediate in point of enjoyment,) whether of a person living or dead, and whether it be to the children simply, or to all the children; and whether there be a gift over or not, comprehends *the children living at the testator's death* (if any), *and those only;* notwithstanding some of the early cases, which make the time of the making the will the period of ascertaining the objects.' To the same effect is the rule as stated in 1 *Redfield on Wills*, 330; and in 1 *Roper on Legacies*, 48, 49; and the decided cases fully support the proposition thus laid down by the text writer. *Viner* v. *Francis*, 2 Cox Ch. Cases, 190; *Radcliffe* v. *Buckley*, 10 Ves. 195; *Davidson* v. *Dallas*, 14 Ves. 576; *DeWitt* v. *DeWitt*, 11 Sim. 41; *Mann* v. *Thompson*, Kay Rep. 638. And in this State, the late CHANCELLOR JOHNSON fully adopted and applied this rule of construction, as being perfectly well settled, in *Benson* v. *Wright*, 4 Md. Ch. 278; and there is nothing in the case before us to exclude the application of the rule."

The lower Court by its decree of July 16th, 1915, held that the trust created by the third clause of the will of Albert W. Akers had ended, and that a distribution of the property should be made by the trustee to the appellees free and discharged of the trust. It further adjudged that an account should be taken between the trustee and the appellees. The trustee was directed to pay over all monies and property and to execute and acknowledge the necessary conveyances to effectuate the decree. The costs of the proceedings were directed to be paid out of the appellees' share of the estate. This decree was correct and should be affirmed.

*Decree affirmed, the costs in this Court to be paid by the appellant.*