MERWYN K. LEE et al., Executors, et al.

*vs.*

MARY M. K. WALTJEN et al.

*Construction of Will—Vested and Contingent Remainders.*

A gift to certain persons for their lives, and at their respective deaths to any child or children they may have respectively, but in case either life tenant should die without issue, his share to go over to a third person, gave a vested remainder to any child of a life tenant immediately on its birth, and consequently upon the death intestate of such a child before its parent, one of the life tenants, the child's interest passed to his widow and child.

*Decided June 23rd, 1922.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Petition by Mary R. Brown Lee against Mary M. K. Waltjen and the Safe Deposit and Trust Company, guardian of Frank S. R. Brown, asking a construction of the will of Florence Patterson Carroll, deceased. Subsequently, upon petition by Merwyn K. Lee and Louis J. Burger, executors of said Mary R. B. Lee, and of Merwyn K. Lee, sole devisee under the will of said Mary R. B. Lee, reciting her death, said petitioners were made parties plaintiff to the petition filed by her. From the decree rendered, said Merwyn K. Lee and Louis J. Burger, executors, and Merwyn K. Lee, appeal. Affirmed:

The cause was argued, together with the next preceding, before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John Hinkley* and *Charles McH. Howard,* for the appellants.

*Joseph C. France* and *Leigh Bonsal,* with whom was *Frank V. Moale* on the brief, for the appellees.

Urner, J., delivered the opinion of the Court.

While this case and the one immediately preceding involve the construction of different wills, the parties to both appeals are identical, the questions for determination are closely analogous, and both are subject to similar decisions. The will now to be considered is that of Florence Patterson Carroll, and the particular clause to be construed is as follows:

"I devise and bequeath all the property covered by item 5th of this will to my cousins, Emma Mordecai and Frank Brown, their respective heirs, share and share alike, for their respective lives, and at their respective deaths to any child or children they may have respectively in fee simple and absolutely, *per stirpes.* But in case either the said Emma or the said Frank should die without issue, the share of the one so dying shall go to my cousin, Alice Patterson Harris, her heirs and representatives."

As in the companion case just decided, the question here is whether the estate devised and bequeathed 'to Governor Frank Brown for life vested in remainder in both of his two children, or only in the one by whom he was survived. The amount of the estate affected by the decision in this case is $80,160.56. The appeal is from a decree sustaining the claim of the widow and child of the deceased son of the life tenant to one-half of the fund, and awarding the other half to the personal representatives of the surviving daughter, who has died since the life estate terminated.

The limitation in remainder, under this will, at the death of the life tenants was "to any child or children" they "may have respectively in fee simple and absolutely, per stirpes."

This language does not disclose an intention that the vesting in interest of the remainder should be postponed until the expiration of the life estate. The children of Governor Brown were born after the death of the testatrix, but the purpose that any children he might have should be entitled to the remainder was definitely expressed.

According to the rule quoted with approval in *Cox* v. *Handy,* 78 Md. 121, and *Lewis* v. *Payne,* 113 Md. 135, and repeated in the opinion just filed, a "remainder is vested in interest as soon as the remainderman is *in esse* and ascertained," "provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession," and if the "remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time." These conditions existed under the will now being considered.

In Mr. Tiffany's admirable work on the *Law of Real Property,* vol. 1, p. 498, it is said: "Where a remainder is limited in favor of a class of persons, and the members of the class are not necessarily ascertained at one time, as in the case of a remainder in favor of children, grandchildren, issue, or brothers and sisters, it is ordinarily regarded as vesting, in the first place in any person or persons within the class at the time the instrument takes effect, the benefit of the remainder being extended to other persons who subsequently become members of the class before the termination of the particular estate, with the result that the shares of the previous members of the class are proportionately diminished. Thus in the case of a devise to A for life, and after his death to his children, or to the children of B, all such living at testator's death take a vested remainder, and, likewise those afterwards born before the termination of A's life estate, though until one of such children is born the remainder is necessarily contingent."

In the case reported under the title of *In re Gilman Estate,* 126 Md. 636, there was a limitation in remainder to any child or children of the testator's daughter, to whom, and to his wife, antecedent life estates were devised and bequeathed. The daughter had a child, Nellie G. Porter, who was born after the testator's death and who died before the life estate ended. It was held that the estate of the testator which was limited under his will to the "child or children of his daughter," vested in right in the granddaughter, upon her birth, to be enjoyed by her upon the termination of the life estate devised to his widow and daughter. It was said by Judge Briscoe to be clear, under the rule established by the authorities cited, that "upon the birth of Nellie G. Porter, the granddaughter, the remainder under the testator's will then ceased to be a contingent remainder and became vested in right in her, and subject to let in after-born children of her mother, * * * The remainderman was then *in esse* and ascertained, and as it vested in right, nothing but her death before her mother, the life tenant, prevented it from vesting in her, in possession and in enjoyment."

Apart from the effect of the limitation over if the life tenant should die without issue, it would probably not be contended in this case that the remainder to the children was contingent. But it is argued that the provision for such a possibility reveals a purpose to defer the vesting of the remainder until the life tenant's death. This contention is disposed of adversely by our ruling in regard to a similar theory advanced in the preceding case.

An additional reason for applying the principle of that decision to the present question is to be found in the particular form of this ultimate limitation. The event upon which it depended was the death of Governor Brown "without issue." That contingency would not have occurred even if he had left no children, but only his grandson, surviving. Upon the assumption that the remainder was to vest exclusively in the child or children who survived the life tenant,

an intestacy would have resulted if both of his children had predeceased him, because the survival of issue in the person of the grandson would have made it impossible for the contingent limitation to take effect. The testatrix could hardly be supposed to have intended that if the life tenant should die leaving issue, but no children, then neither the issue nor the final remaindermen should receive the estate, but that a condition of intestacy should exist. It seems more reasonable to conclude that the use of the term "issue" in the limitation was designed to enlarge the meaning of the word "children" so as to make it equivalent to "descendants," or to adopt the view that each child born to the life tenant acquired a vested remainder, subject to the admission of after-born children, and defeasible only in the event of his death without issue. Upon either of these theories the claim of the appellants to the whole of the estate would have to be denied. But we rest our decision upon the ground that the son of the life tenant had a vested interest in remainder which passed, upon his death intestate, to his widow and infant child.

> *Decree affirmed, the costs to be paid out of the estate.*