WILLIAM T. BISHOP *v.* WILLIAM R. HORNEY ET AL.

[No. 52, October Term, 1939.]

*Decided November 29th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, JOHNSON, and DELAPLAINE, JJ.

*Richard T. Earle,* with whom was *Madison Brown* on the brief, for the appellant.

*William H. Adkins* and *William R. Horney,* submitting on brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Queen Anne's County, ratifying an audit allowing $2382.67 to the trustees of the trusteed assets of the Centerville National Bank of Maryland, mortgagee, following the sale of certain real estate under partition proceedings.

The real estate, which was a part of the property owned by Elizabeth J. Keating at the time of her death in 1862, was devised by her to her three daughters for life, with remainder to their issue, provided that, in event of the death of any daughter without issue, her share should go to the surviving sisters or sister, and in event of the death of all three without issue, then to the sons of the testatrix. There was a further provision in the will that, should any daughter leave a child surviving at the time of her death, but the child should die before reaching the age of twenty-one, its share should be distributed as if the child had never lived.

On September 19th, 1924, after two of the daughters of the testatrix had died without issue, the surviving daughter, Martha J. Weedon, as the sole life tenant, and

her four children, as the remaindermen, together with their spouses, executed their mortgage upon the real estate to the Centerville National Bank of Maryland to secure an indebtedness of $16,150. Mrs. Weedon died in 1936.

William T. Bishop, the appellant, who has held a judgment for $3003.39 against Ada R. Rolph, adult remainderman, since February 28th, 1931, contends that the mortgage does not convey any interest of the remaindermen, and therefore the distributive share of Mrs. Rolph should be applied upon his judgment. He relies upon the principle of the common law that contingent estates are "neither devisable, descendible, alienable by voluntary conveyance nor subject to execution." But a contingent estate is a mere possibility or expectancy, not coupled with an interest, where the person to take is not ascertained. 4 *Kent's Commentaries*, 261. The remainder interests of Mrs. Rolph and the other children of the life tenant were vested at the time of the execution of the mortgage. It is well recognized that where there is a devise to a person for life, with remainder to his children, the remainder is necessarily contingent until one of such children is born; for a contingent remainder is one which is either (1) limited to a person not in being or not certain and ascertained, or (2) so limited to a certain person that his right to the estate depends upon some contingent event in the future. But when the child is born, and the remainderman is then ascertainable, the remainder immediately becomes vested, for a vested remainder is one which is limited to a person in being, whose right to the estate does not depend upon the happening or failure of any future event. 2 *Blackstone's Commentaries*, 164; 4 *Kent's Commentaries*, 202; *Tiffany on Real Property*, sec. 136; *Miller, Construction of Wills*, sec. 213. So, it has been definitely decided in Maryland that a devise to certain persons for their lives, and at their respective deaths to any child or children they may have respectively, but in the event either life tenant should die without issue, his share should go to a third

person, gives a vested remainder to any child of a life tenant immediately on its birth. *Lee v. Waltjen,* 141 Md. 450, 119 A. 246; *Id.,* 141 Md. 458, 119 A. 249.

The defeasible or determinable nature of the remainders in the present case, resulting from the defeat of the remainder interest upon the death of any grandchild before the age of twenty-one, does not have the effect of making the remainders contingent. This possibility of loss is a condition subsequent, not a condition precedent. Since the law prefers to treat a remainder as vested rather than contingent, remainders are often held to be vested although they may be defeated before the termination of the precedent estate and may therefore never be enjoyed in possession. If the condition subsequent, or contingency, which would cause a vested estate to be divested, if it occurred, does not occur, there is no divestiture, and the estate remains vested. *Ridgely v. Ridgely,* 100 Md. 230, 59 A. 731; *Miller, Construction of Wills,* secs. 216, 217.

But even if the remainders in the present case were contingent, a court of equity would nevertheless enforce the mortgage so that the ends of justice would be subserved. In *Schapiro v. Howard,* 113 Md. 360, 78 A. 58, 64, where a deed of trust included a contingent remainder interest, the court recognized that the deed of trust did not convey the expectancy so as to justify an enforcement of the voluntary contract against the settlor. But the court said: "Where a deed is based upon a substantial and valuable consideration and the grantor, in return for such consideration, attempts to convey property thereafter to be acquired, a court of equity will enforce a conveyance in a proper case." Likewise, in *Keys v. Keys,* 148 Md. 397, 129 A. 504, the court declared that a person expecting to receive property by distribution or descent may make a transfer of the expectancy, which will be valid and enforceable in equity, if supported by a sufficient consideration.

The appellant contends there are no words in the mortgage to indicate that the remaindermen intended to

convey their remainder interests. However, the mortgage recites that the mortgagors grant and convey to the bank corporation "all their right, title and interest and estate, in fee simple" in and to all the real estate therein described, being a part of the real estate which passed to the mortgagors under the will of Elizabeth J. Keating. There appears no doubt from this language that the mortgagors intended to convey to the bank all the right, title, interest, and estate which they had in the property. Any other construction would make the participation of the remaindermen in the mortgage meaningless.

*Decree affirmed, with costs.*