*Comptroller of the Treasury v. Richard Reeves Taylor*, No. 2198, Sept. Term, 2016
Opinion by Shaw Geter, J.

**Civil – Tax-General Code Annotated – Maryland Qualified Terminable Interest Property – Maryland Election**

Under § 7-309(b)(6) of the Maryland Tax-General Code Annotated, the Comptroller of the Treasury does not have the authority to include in a Maryland estate the value of a trust for which a qualified terminable interest property election was made on a federal estate tax return, but not on a Maryland estate tax return.

Circuit Court for Washington County
Case No. 21-C-15-55059 AA

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2198

September Term, 2016

_____

COMPTROLLER OF THE TREASURY

v.

RICHARD REEVES TAYLOR

_____

Wright,
Leahy,
Shaw Geter,


JJ.

_____

Opinion by Shaw Geter, J.

_____

Filed:  July 25, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

This case arises from a judicial review of the assessment of estate taxes owed by the Estate of Margaret Beale Taylor in the Circuit Court for Washington County. Appellee Richard Reeves Taylor, the estate's personal representative, in determining the amount of tax due, subtracted the value of Mrs. Taylor's interest in a marital trust created by her husband from the total value of her Maryland estate tax valuation. The Comptroller of the Treasury, appellant, disallowed the exclusion, resulting in an increase in the Estate's tax liability. The Comptroller also imposed penalties for the interest accrued and late filing.

Appellee petitioned the Tax Court, seeking reversal and an abatement of the assessments. The Tax Court affirmed the Comptroller's inclusion of the value of the interest in the marital trust and the assessments of interest, but waived and abated the late payment penalty. Appellee filed a timely petition for judicial review in the circuit court, and appellant filed a cross-petition. After a hearing, the circuit court reversed the Tax Court's assessment of taxes and interest against the estate.

We have consolidated appellant's questions presented[1] as follows:

[1] Appellant presented the following questions for our review:

1. Is the value of Margaret Beale Taylor's interest in the trust transferred to her under her predeceased husband's will – known in tax parlance as "QTIP" trust – properly included in Mrs. Taylor's Maryland estate, and therefore subject to the Maryland estate tax?

2. Is Maryland's estate tax constitutional as applied to a Maryland resident decedent's intangible interest in a QTIP trust?

3. Did the Tax Court improperly waive a late-filing penalty based upon an unsupported and unarticulated conclusion that the taxpayer "demonstrated with affirmative evidence that reasonable cause exists" for waiver of the penalty?

1. Does Maryland have the statutory or constitutional authority to include the value of Margaret Beale Taylor's interest in the trust transferred to her under her predeceased husband's will – the "QTIP" trust – in her Maryland estate, and therefore subject the trust to Maryland estate tax?

2. Did the Tax Court improperly waive a late-filing penalty based upon the conclusion that the taxpayer "demonstrated with affirmative evidence that reasonable cause exists" for waiver of the penalty?

For the reasons set forth below, we shall affirm the judgment of the circuit court.

## BACKGROUND

The trust in question was created by the will of John Wilson Taylor, Margaret Beale Taylor's husband, who predeceased her on December 1, 1989. At the time of Mr. Taylor's death, the Taylors were residents of Wayne County, Michigan. Mr. Taylor died with a valid will, which directed the creation of a "residuary marital trust," valued on his date of death at $2,299,893.20. His will further directed that all of the net income from the residuary marital trust be paid to Mrs. Taylor at least annually for and during her lifetime.

Upon his death, Mr. Taylor's Estate filed a timely federal tax return with the Internal Revenue Service, in which his estate claimed a deduction for the marital trust, known as a qualified terminable interest property ("QTIP") election. Election of the QTIP deduction enables a married couple to defer payment of any estate tax on the QTIP until the death of the surviving spouse. The marital deduction is allowed for the entire value of the QTIP.

Following Mr. Taylor's death, Mrs. Taylor continued to reside in Michigan until 1993, when she moved to Washington County, Maryland. She died testate on January 15, 2013.

2

Appellee, the personal representative of Mrs. Taylor's Estate (the "Estate" or "appellee"), Richard Reeves Taylor, filed a federal Estate (and Generation-Skipping Transfer) Tax Return with the Internal Revenue Service, which included Mrs. Taylor's terminable life interest in the marital trust. On the federal estate tax return, appellee reported an estate value of $5,582,245. Appellee also filed a Maryland estate tax return, in which the personal representative excluded the value of the marital trust, decreasing the reported value of Mrs. Taylor's federal gross estate by $4,108,048.02.

Appellee explained his deduction of Mrs. Taylor's interest in the marital trust in a statement attached to the Maryland return. It stated:

> In reliance on Section 7-309(b)(6)(i) of the Maryland Tax-General Code Annotated, the marital trust created under the Last Will and Testament of decedent's deceased spouse, John Wilson Taylor, in which decedent had an income interest for life and which is reported on Schedule F of decedent's Federal Estate Tax Return, Form 706, has been excluded from the federal gross estate (line 1, federal Form 706) reported on line 1 of Section IV of the MET-1. John Wilson Taylor died on December 1, 1989, and was a resident of the State of Michigan on the date of his death. No Maryland estate tax return was filed for Mr. Taylor, and thus no "marital deduction qualified terminable interest property election was made for the decedent's predeceased spouse on a timely filed Maryland estate tax return."

After examining the Taylor's Estate Maryland estate tax return, the Comptroller of the Treasury (the "Comptroller" or "appellant"), disallowed the claimed exclusion of Mrs. Taylor's interest in the marital trust, adding back the value to the federal gross estate and the corresponding Maryland estate. The Comptroller then sent appellant a Deficiency Notice, which added $406,752.32 in taxes, as well as additional interest charges and penalties, including a late payment penalty of $40,675.03.

3

The personal representative thereafter petitioned the Tax Court, seeking reversal and abatement of the assessments and penalties. After a trial on May 6, 2015, the Tax Court affirmed the estate tax and interest assessments in a written decision dated September 3, 2015. The Tax Court found that "the Maryland estate tax is directly linked to the federal estate tax, and completely integrated with it," specifically "by adopting…the federal definition of 'gross estate,'" citing § 7-301(b) of the Maryland Tax-General Code Annotated. "There is no statute or statutory provision that authorizes [appellant] to subtract the value of Mrs. Taylor's QTIP property from her federal gross estate for Maryland estate tax purposes."

Taylor filed a timely petition for judicial review to the Circuit Court for Washington County. The Comptroller responded to the petition and filed a cross-petition for review of the Tax Court's decision to abate the late-payment penalty. The Comptroller argued there was no final appealable order because the Tax Court had failed to respond to the propriety of the assessment of a late fee. Appellee thereafter filed a Motion for Clarification of the Memorandum and Order. The Tax Court, in response, amended its May 3 memorandum, and affirmed the additional estate tax and assessed interest, but waived the 10% late payment penalty.

After a hearing, the circuit court reversed the Tax Court's assessment of taxes and interest against the Estate.

This appeal followed.

## DISCUSSION

**I.** The Comptroller does not have the authority to tax the value of the QTIP.

4

The Maryland Tax Court is "an adjudicatory administrative agency," and, thus, "decisions of the Tax Court receive the same judicial review as other administrative agencies." *Gore Enterprise Holdings, Inc. v. Comptroller of Treasury*, 437 Md. 492, 503 (2014) (internal citations and quotations omitted). "In this context, our review looks through the circuit court's…decisions…and evaluates the decision of the agency." *Id.* (internal citations and quotations omitted). "A court's role in reviewing an administrative agency adjudicatory decision is narrow; it is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Maryland Aviation Admin. v. Noland*, 386 Md. 556, 571 (2005) (internal citations and quotations omitted). "We cannot uphold the Tax Court's decision on grounds other than the findings and reasons set forth by" the Tax Court. *Gore*, 437 Md. at 503 (internal citations and quotations omitted).

The Tax Court in the case *sub judice* found that § 7-309(b)(6) of the Maryland Tax-General Code Annotated does not "prohibi[t] the Comptroller from assessing an estate tax deficiency" for a QTIP for which no election was made on a Maryland tax return. It held that "the Maryland estate tax is directly linked to the federal estate tax, and completely integrated with it." "This linkage and integration is accomplished by adopting, at the outset, the federal definition of 'gross estate.'" The Court continued:

> [T]he Maryland 'estate' is not restricted to the federal gross estate and is augmented by property not otherwise included in the federal gross estate. Thus, the Maryland estate means the federal gross estate as *increased* by any

5

property not otherwise included in the federal gross estate that is deemed to be included pursuant to § 7-309(b)(6) of this subtitle.

The Comptroller argues the Tax Court correctly found the value of the QTIP should be included in the value of Mrs. Taylor's estate, and that Maryland had the authority to tax the transfer of the QTIP. It argues that "[u]nder the plain language of § 7-301, Mrs. Taylor's Maryland estate included the same property as her federal gross estate, including the assets contained in the QTIP marital trust." They contend the language in § 7-309(b) of the Maryland Tax-General Code is not intended to limit the Comptroller's ability to tax the QTIP, but to provide an opportunity for a first-dying spouse to benefit from the marital deduction if their estate fell below the federal filing threshold. "Because in such a case there would have been no federal QTIP election by the first-dying spouse, the QTIP would not be included in the surviving spouse's federal gross estate, and § 7-309(b)(6)(i) thus requires augmentation of the Maryland estate of the surviving spouse to account for the value of the Maryland QTIP and to ensure that the Estate does not receive a windfall." At oral argument, appellant focused its argument on the idea that they were taxing the transfer of Mrs. Taylor's interest in the income of the QTIP at the time of her death, and that therefore, Maryland did have the authority to include the value of the QTIP trust. The Comptroller asserted Maryland had "protected" Mrs. Taylor's right to receive the income from the trust while she lived in Maryland, and that, at her death, the right to receive that income "transferred" to the owners of the trust.

Appellee, conversely, argues that Maryland lacks the authority to tax the QTIP because there was no transfer of assets at Mrs. Taylor's death. He argues that, although §

6

7-301(b) includes a "federal gross estate," and thus, a QTIP, in the definition of "estate," the QTIP is not included in the definition of the "Maryland estate" under § 7-301(d). As a result, Maryland lacks the "power to subject [it] to the Maryland estate tax." Estate taxes are taxes on the transmission of property by the decedent, and, therefore, appellee argues Maryland would only have the "power to tax" the QTIP if those assets were transferred upon Mrs. Taylor's death. "Because both legal and equitable title to the assets of the QTIP trust were transferred at the time of Mr. Taylor's death in Michigan when the Trust was created, there was nothing for Maryland to tax when Mrs. Taylor died in Maryland 24 years later." "Mrs. Taylor did not own or have any rights to the assets comprising the QTIP."

Section 7-302 of the Maryland Tax-General Code Annotated, "Tax Imposed on Transfer of Estate," states that "a tax is imposed on the *transfer of the Maryland estate* of each decedent who, at the time of death, was: (1) a resident of this State." (emphasis added). Section 7-301(b) defines "estate" as "the federal gross estate of a decedent, as determined by Subtitle B of the Internal Revenue Code, as increased by any property not otherwise included in the federal gross estate that is deemed to be included pursuant to § 7-309(b)(6) of this subtitle." Section 7-301(d) defines the "Maryland estate" as "*the part of an estate* that this State has the power to subject to the Maryland estate tax." (emphasis added).

Section 7-309(b)(5-6), entitled "Determination of the Maryland estate tax," details and limits when and how assets of QTIP trusts may be included in the calculation of the Maryland estate. It reads:

7

(5)(i) With regard to an election to treat property as marital deduction qualified terminable interest property in calculating the Maryland estate tax, *an irrevocable election made on a timely filed Maryland estate tax return* shall be deemed to be an election as required by § 2056(b)(7)(B)(i), (iii), and (v) of the Internal Revenue Code.

> (ii) An election under this paragraph made on a timely filed Maryland estate tax return shall be recognized for purposes of calculating the Maryland estate tax even if an inconsistent election is made for the same decedent for federal estate tax purposes.

*(6)(i) For purposes of calculating Maryland estate tax, a decedent shall be deemed to have had a qualifying income interest for life under § 2044(a)[2] of the Internal Revenue Code with regard to any property for which a marital deduction qualified terminable interest property election was made for the decedent's predeceased spouse on a timely filed Maryland estate tax return under paragraph (5) of this subsection.*

> (ii) For the purpose of apportioning Maryland estate tax under § 7-308 of this subtitle, any property as to which a decedent is deemed to have had a qualifying income interest for life under subparagraph (i) of this paragraph shall be deemed to be included in both the estate and the taxable estate of the decedent.

(emphasis added).

We find the Tax Court erred in finding the QTIP was included in Mrs. Taylor's Maryland estate, and taxable by Maryland. "When deciding a question of statutory construction, [t]he cardinal rule…is to ascertain and carry out the intention of the Legislature." *Shaarei Tfiloh Congregation v. Mayor & City Council of Baltimore*, 237 Md. App. 102, 131 (2018) (internal citations and quotations omitted). "The first step is to analyze the words of the statute, affording them their ordinary meaning." *Id.* (citation

---

[2] Section 2044, Title 26 of the Internal Revenue Code states: "The value of the gross estate shall include the value of any property to which this section applies in which the decedent had a qualifying income interest for life," including "any property if" "a deduction was allowed" "under section 2056."

omitted). "We presume that the legislature meant what it said and said what it meant[,] so when statutory language is clear, we need not look past the statute." *Id.* (internal citation and quotations omitted). However, "we do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone," "[r]ather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute." *Roes v. State*, 236 Md. App. 569, 587 (2018) (internal citations and quotations omitted).

Any ambiguity in tax statutes, moreover, is construed in favor of the taxpayer. *Comptroller of the Treasury v. Clyde's of Chevy Chase, Inc.*, 377 Md. 471, 484 (2003). The Court of Appeals has held:

> it is the established rule not to extend the tax statute's provisions by implication, beyond the clear import of the language used, to cases not plainly within the statute's language, and not to enlarge the statute's operation so as to embrace matters not specifically pointed out. In case of doubt, tax statutes are construed 'most strongly against the government, and in favor of the citizen.

*Comptroller of the Treasury v. Citicorp Intern. Commc'ns, Inc.*, 389 Md. 156, 170 (2005) (quoting *Comptroller of the Treasury v. John C. Louis Co.*, 285 Md. 527, 539 (1979)); *see also Comptroller of the Treasury v. Gannett Co., Inc.*, 356 Md. 699, 707-08 (1999).

Both the Tax Court and Comptroller dismiss the clear distinction in § 7-301 between the "estate" and the "Maryland estate." They contend the Legislature's inclusion of the Maryland estate tax return election as a requirement is merely a way to enlarge their authority to tax a person's estate, regardless of its actual 'connection' to Maryland. Section

9

7-301(d) defines the "Maryland estate" as "*the part of an estate* that this State has the power to subject to the Maryland estate tax." Under the "plain language" of the statute, then, the Legislature explicitly contemplated the possibility that there would be property included in an "estate" that Maryland did *not* have the authority to tax, contrary to the assertions of the Tax Court and Comptroller, that Maryland has the power to tax everything in the estate simply because it was in the estate. "[I]t is the established rule not to extend the tax statute's provisions by implication, beyond the clear import of the language used, to cases not plainly within the statute's language, and not to enlarge the statute's operation so as to embrace matters not specifically pointed out." *Comptroller v. Citicorp Intern. Comm'n, Inc.*, 389 Md. at 170 (citing *Comptroller v. Gannett*, 356 Md. at 708). The Comptroller's contention that Maryland could tax the assets of a QTIP for which no Maryland election was made is "not plainly within the statute's language," nor "specifically pointed out." The statute explicitly delineates that an election be made on "a timely filed Maryland estate tax return." No such election exists here, and we find no reason to ignore that statutory requirement.

Nor do we agree with the Comptroller that the QTIP assets were "transferred" as part of her estate, thereby connecting the assets to Maryland. Absent indication to the contrary, trusts vest at the time of the testator's death. *See Shank v. Sappington*, 247 Md. 427, 431-33 (1967) (holding that the trust vested in the children at the time of the testator's death, despite the life tenancy of the wife, absent instructions to the contrary); *see also Hans v. Safe Deposit & Trust Co.*, 178 Md. 52, 62 (1940). "'The declaration of a trust transfers legal title to the trustee[.]'" *Wagner v. State*, 220 Md. App. 174, 187 (2014)

10

(internal citations omitted); *see also Baker v. Baker*, 123 Md. 32 (1914). As Circuit Court Judge Moylan Wright correctly noted, "[b]y virtue of the language in John Taylor's 1989 QTIP Trust, the assets in that QTIP trust passed," or transferred, "to the trust beneficiaries in 1989." "The federal QTIP election did not miraculously convert these QTIP assets so that they became the property of [Mrs]. Taylor." "They were merely 'deemed' by the statute to be taxable as part of [her] federal estate solely because of Mr. Taylor's 1989 Federal QTIP election and deferral of Mr. Taylor's federal tax on those assets." No election was made "on a timely filed Maryland estate tax return," however, to include them as part of her Maryland estate.

Nor did Maryland "protect" Mrs. Taylor's right to receive income from the QTIP. The Maryland Court of Appeals, in *Safe Deposit & Trust Co. of Baltimore v. Bouse*, 181 Md. 351, 355 (1943) (internal citations omitted), explained the 'constitutionality of inheritance taxes' as follows:

> The constitutionality of inheritance taxes is based upon the principle that the right of a person to transfer property upon his death to others, or the right of a person to receive property by will or inheritance, is not a natural right but a privilege granted by the State. The imposition of such a tax is nothing more than the exercise of the power which every State possesses of regulating the manner and terms upon which property within its dominion may be transmitted by will or inheritance. Thus the State conferring the privilege of transmission of property or succession to property may require a person receiving the benefit [or bestowing the benefit] of such privilege to pay an excise tax for its enjoyment.

Mrs. Taylor began receiving income from the Michigan trust before she moved to this State, and the right to receive income was based on Mr. Taylor's Michigan will. Mrs. Taylor paid taxes in Maryland on the income she received from the trust. The Comptroller

11

now attempts to tax Mrs. Taylor's Estate for the entire value of the trust – which she had no legal right to or control of. The Supreme Court, in *Graves v. Elliott*, 307 U.S. 383, 386 (1939), held that, for purposes of taxation, "the power of disposition of property is the equivalent of ownership." Mrs. Taylor did not have "the power of disposition" over the 1989 QTIP Trust or its assets. Moreover, the *terminable* interest Mrs. Taylor had in the income does not, by its very name, transfer – it terminates. The fiction created by the QTIP election, which includes the trust in the estate of the surviving spouse, is explicitly limited to those instances where an election has been made to create it. It does not, however, prevent "[t]he declaration of a trust transfer[ing] legal title to the trustee[.]'" *Wagner v. State*, 220 Md. App. 174, 187 (2014) (internal citations omitted). There was, therefore, no "transfer" of interest.

Given the above, we find the Tax Court's decision was premised upon an erroneous conclusion of law, and the Comptroller lacks the authority to tax the assets of the QTIP as part of Mrs. Taylor's Maryland estate. We need not address the circuit court's decision regarding the Fourteenth Amendment to the United States Constitution and the Maryland Declaration of Rights, as it was not decided by the Tax Court. *See Gore Enterprise Holdings, Inc. v. Comptroller of the Treasury*, 437 Md. 492, 503 (2014) (internal citations omitted) ("We cannot uphold the Tax Court's decision 'on grounds other than the findings and reasons set forth by [the Tax Court]'").

**II.**     Given no tax was authorized under the statute, no penalty could be properly charged against the Estate.

Following our finding that the Comptroller did not have the authority to tax the value of the QTIP, we need not address appellant's second question presented, as we find no late-payment or interest penalties could be properly charged against the Estate. We therefore vacate the late-payment and interest penalties.

**JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**